IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| IRVING ANTHONY FOLSTON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 117-092 |
| | ) | |
| JAMES DEAL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. nos. 14, 15.) The Magistrate Judge recommended denying the petition in its entirety. (Doc. no. 10.) Respondent does not challenge the analysis or conclusion. He does, however, note a scrivener's error on page 28 of the Report and Recommendation. (Doc. no. 14, p. 2.) Having concluded Petitioner's challenges to the trial court's instructions regarding impeachment, credibility, and substantive evidence formed no basis for federal habeas corpus relief, the Magistrate Judge went on to incorporate those findings into the analysis resulting in rejection of Petitioner' ineffective assistance of counsel claims related to those instructions. (Doc. no. 10, pp. 24-28.) However, in recapping the substance of the analysis explaining why there was no valid federal habeas corpus claim with respect to these instructions, the summary inadvertently omitted the word "not." (Id. at 28.)

As it is clear from the entirety of the analysis on these instructions, including the paragraph in which the inadvertent omission occurs, there was no error by the trial court and

therefore nothing for counsel to challenge, the Court adopts the Magistrate Judge's analysis with the following modification: "As discussed in Parts 3(b) and (c), *supra*, the trial court did not err in giving its instructions regarding impeachment, credibility, and substantive evidence." (Id.)

Petitioner's objections consist mainly of re-arguing the claims already presented in his initial petition.[1] Petitioner disagrees with the Magistrate Judge's legal analysis but offers nothing to show that analysis was incorrect. Petitioner again relies heavily on the proposition that two of the State's witnesses, Bruce Benziger and Steve Smith, received favorable plea deals on burglary charges disposed of prior to their testimony at Petitioner's trial, but the fact remains the record does not establish any such plea deals were given to Mr. Benziger or Mr. Smith. (See doc. no. 10, pp. 33-36.)

As the Magistrate Judge explained, there were inaccuracies in the order on the motion for new trial upon which Petitioner bases much of his ineffective assistance of counsel claims. (Id. at 32-33.) However, the last state-court decision finding no actual conflict of interest based on trial counsel representing Mr. Benziger on a burglary charge was the state habeas decision. (Id. at 22-23, 28-38.) That state habeas decision is the one to which this Court looks when determining whether the state court decision was reasonable. Wilson v. Sellers, 584 U.S.-, 138 S. Ct. 1188, 1192 (2018). For the reasons explained by the Magistrate Judge, reviewing the relevant decision under the deference required by the Antiterrorism and Effective Death Penalty Act of 1996 shows Petitioner is not entitled to federal habeas corpus relief.

---

[1] To the extent Petitioner attempts to provide new details concerning a lineup identification by Mr. Smith, it is premised only on his supposition of perjury, destruction of evidence, and Mr. Smith "most likely" picking the wrong person from the lineup. (Doc. no. 15, pp. 14-15.) The new information does not shed light on the potential viability of an appeal since Mr. Smith and multiple other witnesses identified Petitioner in court. (Doc. no. 10, p. 36.)

2

Accordingly, the Court **SUSTAINS** the objection related to the scrivener's error and **OVERRULES** all other objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as modified herein as its opinion, and **DENIES** the instant petition, brought pursuant to 28 U.S.C. § 2254.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 26th day of September, 2018, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

3